By the Court.
The issue made by the demurrer raises the question as to whether the insurance company should pay a tax of two and one-half per cent, upon its gross receipts, or upon its net receipts, ■ for the year 1892. It is admitted that the agents in the different counties, returned the amount of the net receipts in such counties, for taxation therein in May, 1893, and that the company has paid taxes in such counties upon such net receipts. The company claims that the taxes to be paid to the superintendent of insurance, for the year 1892, are such an amount as, when added to the amount of taxes paid in the different counties, shall make a sum equal to two and one-half per cent, of its net receipts, for the year 1892; while the defendant claims that the company must pay a sum to the insurance department, which, when added to the amounts paid in the different counties, shall make a sum equal to two and one-half per cent, of its gross receipts, for the year 1892.
*717 Section 2745 provides, among other things, that certain • dividends, cancellations, values and commissions, “shall be -deducted from such gross receipts and the net amount after •such deduction, shall be the basis of taxation, for such ■companies under this section.” This seems favorable to the claim of the relator, and, if it stood alone, would be con-clusive.
Further along in the same section it is provided that, “it shall be the duty of the superintendent of insurance, in the month of December, annually, to charge and collect from such companies or associations such a sum as, added to the amount paid to the county treasurers, will produce an ■amount equal to two and one-half per cent, on such receipts ■•of such companies and associations, as shown by their annual statements under oath to the insurance department.” It ■will be noticed that, by this latter provision, the two and one-half per cent, is to be calculated on such receipts of the company, as are shown by the annual statements under oath to the insurance department.
The only annual statement to the insurance department -of the relator, is the statement filed within sixty days after January 1,1893, which showed the amount of premiums, without deduction, that is the gross receipts. There is no sworn statement of the company in the office of the insurance department showing the net receipts or the various -deductions claimed, and there is no law requiring or authorizing the filing of such supplemental statement, as was presented by the relator to the defendant, and he therefore did right in refusing to allow the filing of the same. It follows that, as to the taxes to be paid for the year 1892, the superintendent of insurance is right in calculating the tax on the gross receipts of the company, as shown by its sworn statement filed within sixty days after January 1,1893. Whether the same rule would apply for the years following 1892, it is not now necessary to decide.
Another question arises in this case, and that is whether mandamus is the proper remedy.
By section 6741, Revised Statutes, mandamus is defined vto be a writ commanding the performance of an act which *718 the law specially enjoins as a duty resulting from an office, trust or station.
By section 2745, it is made the duty of the superintendent of insurance to charge and collect from insurance companies the taxes provided for in that section. No complaint is made that he refuses to perform this duty, but the complaint is that he is too vigorous and aggressive in its performance; that is, he has charged and is about to enforce collection of more than is due, and threatens to revoke the license of the relator, unless such taxes as he has charged shall be paid at once. Eor such a complaint the remedy is clearly by injunction and hot by mandamus.
If mandamus can be resorted to in cases like this, there is nothing to prevent every taxpayer who is dissatisfied with the amount of his taxes, to test the question of the legality of such tax by mandamus.
It is manifest that the real object of the relator is to prevent the superintendent of insurance from revoking its license to do business in this state.
The relator is not so concerned about the welfare of the state of Ohio, as to come all the way from Philadelphia to institute proceedings in mandamus to compel one of the officers of this state to receive money, which said officer does not clearly see his authority to receive.
Eet the relator be assured that its right to do business in this state will not be interrupted, and it will let the state look after the collection of its own funds, without the aid of the relator, so that its claim that it seeks to compel the superintendent to receive money due his department is only colorable, and the real object is to prevent a revocation of its permit to do' business in this state, and for such object the proper remedy is injunction.
Should the license be revoked, and the relator should comply in all respects with the laws of this state, and the superintendent of insurance should refuse to issue a new license, he could be compelled to do so by mandamus; but this is not such case. Here the object is to enjoin the superintendent from revoking the license.
*719 True, the case of State ex rel. v. Reinmund, 45 Ohio St., 214, was a case like the one here under consideration, and the remedy was by mandamus; but the question as to remedy was not there fjjjised, and seems not to have been thought of by any one connected with the casé. It is, therefore, not an authority in favor of mandamus in such cases.

The demurrer of the relator to the answer of the defendant is overruled.

Minsharr, J.
This court has original jurisdiction in quo warranto, mandamus, habeas corpus, and procedendo, and none other. It has no original jurisdiction in matters of injunction, and none can be conferred by the legislature. To assume it, in any case, is simply judicial usurpation. This is a suit for an injunction in the form of a proceeding in mandamus. The form, however, is nothing; it is the substance that gives real character to the proceeding. Hence, this court has no jurisdiction of the subject matter of the suit, and it should be dismissed for want of jurisdiction. I should not, probably; differ from the construction placed on the statute by the majority, if the case were before us in a proceeding in error; but it is not, and the construction given can only be regarded as an extra judicial opinion.